UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JEREMIAH F. HERBERT,

                  **Plaintiff,**

  vs.                                            9:23-CV-1472
                                                        (MAD/MJK)

LAYCI DEROUCHIE, *et al.*,

                  **Defendants.**

---

APPEARANCES:                               OF COUNSEL:

**JEREMIAH F. HERBERT**
23-B-1459
Eastern New York Correctional Facility
Box 338
Napanoch, New York 12458
Plaintiff, *Pro se*

**OFFICE OF THE NEW YORK STATE**        **KAITLIN N. VIGARS, AAG**
**ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

      On November 27, 2023, *pro se* Plaintiff Jeremiah Herbert ("Plaintiff") commenced this civil rights action, pursuant to 42 U.S.C. § 1983, asserting claims arising out of his confinement at Upstate Correctional Facility ("Upstate C.F."). *See* Dkt. No. 1. The Court reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915 and held that two claims could proceed: (1) Eighth Amendment conditions of confinement; and (2) Eighth Amendment excessive force. *See* Dkt. No. 9. On May 5, 2025, Plaintiff moved for summary judgment on both of his claims. *See* Dkt.

1

No. 82.  Defendants Layci DeRouchie, Robert Mayes, James Spinner, Lawrence Moore, Samantha Conners, Kevin Palm, Ian McQuinn, and Kelly Richards ("Defendants") opposed Plaintiff's motion and cross-moved for summary judgment.  *See* Dkt. No. 87.  On September 30, 2025, Magistrate Judge Mitchell J. Katz issued a Report-Recommendation, recommending that the Court grant Defendants' motion for summary judgment (hereinafter, the "Report-Recommendation").  *See* Dkt. No. 107.  Plaintiff filed objections to the Report-Recommendation.  *See* Dkt. Nos. 108, 111.  For the reasons set forth below, the Report-Recommendation is adopted in its entirety.

The parties are referred to the Report-Recommendation for a recitation of the factual background.  *See* Dkt. No. 107 at 2-4.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  When a party declines to file objections or files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

A court may grant a motion for summary judgment only if it determines that there is no genuine issue of material fact to be tried and that the facts as to which there is no such issue warrant judgment for the movant as a matter of law.  *See Chambers v. TRM Copy Ctrs. Corp.*, 43

2

F.3d 29, 36 (2d Cir. 1994) (citations omitted).  When analyzing a summary judgment motion, the court "'cannot try issues of fact; it can only determine whether there are issues to be tried.'"  *Id.* at 36-37 (quotation and other citation omitted).  Moreover, it is well-settled that a party opposing a motion for summary judgment may not simply rely on the assertions in its pleadings.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting Fed. R. Civ. P. 56(c), (e)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted).  Thus, a "document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Although Plaintiff has filed objections to the Report-Recommendation, his objections are general and conclusory.  *See* Dkt. Nos. 108, 111.[1]  Indeed, Plaintiff merely states that this Court should conduct *de novo* review of the Report-Recommendation because Plaintiff "did in fact exhausted [sic] all available remedies" and can prove the elements of his claims.  Dkt. No. 108 at 1; *see* Dkt. No. 111 at 1-2.  Accordingly, the Court reviews the Report-Recommendation for clear error.  *See Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, *2 (N.D.N.Y. Sept. 22, 1997),

---

[1] Plaintiff filed objections within fourteen days of the Report-Recommendation, *see* Dkt. No. 108, and, thereafter, filed "supplemental objections" approximately one month after the Report-Recommendation was issued, *see* Dkt. No. 111.  Both of these filings contain the same material information; the only difference is that the "supplemental objections" contains some sentences that are reworded.  *Compare* Dkt. No. 108, *with* Dkt. No. 111.  Although the "supplemental objections" are untimely, as they were filed more than fourteen days after the Report-Recommendation was issued, s*ee* 28 U.S.C. § 636(b)(1), the Court has reviewed both filings in an abundance of caution.

*aff'd*, 175 F.3d 1007 (2d Cir. 1999) ("Even affording the objections the liberal reading required for *pro se* pleadings, I find that these objections fail to state any basis whatsoever, much less a specific one, for the court not to adopt the magistrate judge's rulings. They simply re-state the relief sought and the facts on which [the plaintiff] grounds his complaint and conclude that the magistrate judge's conclusions are wrong. When the parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error") (collecting cases).

  In the present matter, the Court finds that Magistrate Judge Katz correctly determined Defendants' motion for summary judgment should be granted because Plaintiff failed to exhaust his administrative remedies. *See* Dkt. No. 107 at 13.

  The Prison Litigation Reform Act ("PLRA") provides, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In New York, the administrative remedies consist of a three-step Incarcerated Grievance Program ("IGP"). First, a grievance is submitted to the Incarcerated Grievance Resolution Committee ("IGRC"). *See* N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5(b). The IGRC reviews and investigates the formal complaint and then issues a written determination. *See id.* at § 701.5(b). Second, the IGRC decision can be appealed to the superintendent of the facility, who reviews the IGRC's determination and issues a decision. *See id.* at § 701.5(c). Third, the superintendent's decision may be appealed to the Central Office Review Committee ("CORC"), which makes the final administrative determination. *See id.* at § 701.5(d). Only upon exhaustion of all three levels of

review may an incarcerated individual seek relief in federal court.  *See Bridgeforth v. Bartlett*, 686 F. Supp. 2d 238, 239 (W.D.N.Y. 2010).

The failure to exhaust available administrative remedies is an affirmative defense and the "defendants have the burden of proving that [the plaintiff's] claim has not been exhausted[.]" *Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).  "Because failure to exhaust is an affirmative defense, . . . defendants bear the initial burden of establishing, by pointing to legally sufficient source[s] such as statutes, regulations or grievance procedures, that a grievance process exists and applies to the underlying dispute." *Saeli v. Chautauqua Cnty.*, 36 F.4th 445, 453 (2d Cir. 2022) (quotation and internal quotation marks omitted).  "However, even if a defendant establishes the existence of an applicable procedure, 'administrative remedies may nonetheless be deemed unavailable if the plaintiff can demonstrate that other factors—for example, threats from correction officers—rendered a nominally available process unavailable as a matter of fact.'" *Romano v. Ulrich*, 773 Fed. Appx. 654, 656 (2d Cir. 2019) (quoting *Hubbs v. Suffolk Cnty. Sheriff's Dep't*, 788 F.3d 54, 59 (2d Cir. 2015)).

The Court will first address Plaintiff's conditions of confinement claim.  Magistrate Judge Katz correctly observed that Defendants adduced evidence that Plaintiff filed at least seventeen grievances during his time incarcerated at Upstate C.F.  *See* Dkt. No. 107 at 11.[2]  Of these seventeen grievances, five pertain to Plaintiff's conditions of confinement claim.  *See id.*  These five grievances were denied by the IGRC.  *See* Dkt. No. 87-2 at ¶¶ 19-27.  Although Plaintiff is familiar with the IGP process and has utilized it many times, Defendants have presented evidence that Plaintiff did not appeal any of these five relevant IGRC decisions to the Superintendent.  *See*

---

[2] The record also contains evidence that, during his incarceration at three different facilities, Plaintiff has pursued the appeal of sixteen different grievances to the CORC.  *See* Dkt. No. 87-8 at ¶¶ 16-19.  None of these grievances related to the present claims.  *See id.*

Dkt. No. 107 at 11. Thus, Magistrate Judge Katz is correct that Defendants met their burden of establishing that Plaintiff failed to exhaust his administrative remedies as to the grievances related to his conditions of confinement claim. *See id.* at 11-12; *see also Barrett v. Ballard*, No. 9:23-CV-113, 2024 WL 4627511, *3 (N.D.N.Y. Oct. 4, 2024), *report and recommendation adopted*, 2024 WL 4627801 (N.D.N.Y. Oct. 30, 2024) ("'[W]here a plaintiff's grievance has not been appealed to and decided by the highest body in the administrative process, the plaintiff cannot be said to have exhausted his administrative remedies and his claims are thus properly dismissed by a court'") (quoting *Jones v. Allen*, 2010 WL 3260081, at *2 (S.D.N.Y. Aug. 9, 2010)).

Next, the Court will address Plaintiff's excessive force claim. Defendants have presented evidence that Plaintiff filed seventeen grievances during his incarceration at Upstate C.F., but none of those grievances reference excessive force by any person, let alone any alleged excessive force by Defendants. *See* Dkt. No. 87-2 at ¶¶ 17, 28. Indeed, Defendants have submitted DOCCS records of the grievances filed by Plaintiff at Upstate C.F. and not a single one references any of the Defendants in this action using excessive force against him. *See id.* at 10. Thus, the Court agrees with Magistrate Judge Katz that Defendants have met their burden by demonstrating Plaintiff failed to file a grievance related to his claim for excessive force and the record is devoid of any evidence to the contrary. *See Hill v. Curcione*, 657 F.3d 116, 124 (2d Cir. 2011) ("There being no evidence that a grievance ever was filed against [the defendant] by [the plaintiff], the exhaustion requirement of the PLRA has not been satisfied, and no genuine issue of material fact stands in the way of summary judgment in [defendant's] favor").

Because Defendants have met their burden of demonstrating failure to exhaust, to survive summary judgment Plaintiff must establish that one or more of the exceptions to exhaustion applies. Plaintiff has not done so. In opposition to Defendants' motion, Plaintiff merely states

that he "did fully exhaust all administrative remedies . . . [and] did indeed followed [sic] the three step grievance procedure at Upstate C.F. and did appeal to [CORC]." Dkt. No. 91 at 9. Plaintiff offers no evidence to support these conclusory statements, nor does he argue that the administrative remedies were actually or functionally unavailable to him—in fact, Plaintiff's argument implies that he believes the grievance process was available to him. Regardless, the record demonstrates the availability of administrate remedies and Plaintiff's personal familiarity with the IGP, as Plaintiff testified at his deposition that he has filed "thirty or forty" grievances and described his familiarity with the administrative grievance process. *See* Dkt. No. 87-10 at 63-64. For all of the above reasons, the Court adopts Magistrate Judge Katz's recommendation that Defendants are entitled to summary judgment on the basis of failure to exhaust administrative remedies, as Plaintiff's claims are barred by the PLRA. *See* Dkt. No. 107 at 11-13; *Shabazz v. Bailey*, No. 23-7252, 2025 WL 272602, *1 (2d Cir. Jan. 23, 2025) (affirming summary judgment on exhaustion grounds where the plaintiff did not "cite any evidence that he in fact appealed the denial of his grievance to the CORC or that prison officials interfered with his ability to file an appeal").

     As a final matter, the Court must address a number of outstanding motions that are rendered moot by summary judgment in Defendants' favor. First, Plaintiff's motion for summary judgment on the merits of his claims (Dkt. No. 82) is denied, as he commenced this action prior to exhausting the DOCCS administrative process and, therefore, cannot bring these claims in federal court. *See Coley v. Garland*, No. 23-295, 2024 WL 878917, *1 (2d Cir. Mar. 1, 2024), *cert. denied*, 145 S. Ct. 215 (2024) ("Under the PLRA, inmates must exhaust all available administrative remedies before bringing suit over mistreatment by corrections officers") (citation omitted). Second, Defendants' appeal of Magistrate Judge Katz's Order granting Plaintiff's second

motion to compel (Dkt. No. 74) is denied as moot because no further discovery will take place in this action. Third, Plaintiff's numerous motions requesting the appointment of counsel for discovery and trial purposes, to supplement his claims based on further discovery, to take depositions (after the close of discovery), to file additional interrogatories, for this action to be sent to the prisoner mediation program, and to schedule a settlement conference (Dkt. Nos. 81, 92, 100, 103, 104, 109, 110, 113, 114, 115, 116) are denied as moot because the relief sought therein cannot be granted in light of the dismissal of all of Plaintiff's remaining claims.

After carefully reviewing the Report-Recommendation, the entire record in this matter, and the applicable law, the Court hereby

**ORDERS** that Magistrate Judge Katz's Report-Recommendation (Dkt. No. 107) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Defendants' motion for summary judgment (Dkt. No. 87) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's motion for summary judgment (Dkt. No. 82) is **DENIED**; and the Court further

**ORDERS** that Defendants' appeal of Magistrate Judge Katz's Order, dated April 2, 2025 (Dkt. No. 74) is **DENIED** as moot; and the Court further

**ORDERS** that Plaintiff's motions requesting the appointment of counsel for discovery and trial purposes, to supplement his claims, to take depositions, to file additional interrogatories, to enter the prisoner mediation program, and to schedule a settlement conference (Dkt. Nos. 81, 92, 100, 103, 104, 109, 110, 113, 114, 115, and 116) are **DENIED** as moot; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 8, 2025
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge